May it please the Court, I represent Harold Savitz, the appellant in this case. The essential difference between our position and the Secretary's position turns on the standard used by the Board to determine that the veteran did or did not mail a Notice of Disagreement. The Board made explicit statements throughout its opinion that the only way mailing could be proven was to show a federal postmark or actual receipt, and it appears that what they mean by actual receipt is some sort of a date-stamped copy of the document. In fact, the Board sets these up as the exclusive ways to prove mailing. Now, as a standard of proving mailing, this doesn't even meet a common-sense test. If I mail a document, I don't have a postmark. It's off on the envelope that just got mailed, so I no longer would have a postmark to be able to display. If there were a date-stamped copy of the document or, I don't know, perhaps an affidavit by a VA employee saying, yes, we got that document, we wouldn't be trying to prove mailing. There would be no need for it. The only reason to prove mailing is to raise a presumption of receipt under the Common Law You don't have a date-stamped document. You don't have a postmark on an envelope. If the Board's standard were correct, you could never have any sort of a use of the Common Law mailbox rule because you couldn't prove mailing because it's a circular standard. You can't prove you mailed it because you don't have it there to prove you mailed it, and that's because you standard that does not work, and it can't work under the Common Law mailbox rule. Veterans Court ratified this standard, again saying, yes, there must be a postmark, and explicitly saying there is no Common Law mailbox rule in Veterans Law, only a postmark rule. Postmark rule, of course, serves a different function. That's the function of showing when something was mailed, when there's not a question of receipt. It's a question of whether it was Now, if there were no mailbox rule, this erroneous standard would be harmless error, because if mailing didn't matter, then it wouldn't matter what standard the Board used to determine mail. However, this Court's decision in Rios clearly said that there is a mailbox rule which is applicable in Veterans Law, not just a postmark rule. Now, that involved a different statute. That involved Section 7266, mailing a notice of appeal to the Court. But the government agrees that it applies here. Right, but just in case you all wanted to challenge the government, Anarch, you know, I'm bringing it up. You agree with the government in that respect? I certainly do. The Common Law mailbox rule does. So the In view of Rios, what needs to happen is the case needs to go back to the Board. The Board needs to make a factual finding of whether or not the Veteran mailed this notice of disagreement. The Board didn't make a finding based on all the facts. The Board simply set up two things. Is there a postmark? And is there a date stamp copy of the receipt? Is the government in agreement with that? The Board's position, as, you know, expressed in their brief, is that the Board actually used the correct standard, that they weighed all of the facts and made a determination that he had not proven he mailed it. If he doesn't prove that he mailed it, then the mailbox rule doesn't come into play. But the Rios opinion had not been issued yet. Pardon me? So the Rios opinion had not been issued yet, right? That's correct. When the Veterans Administration took a look at the case below. That's correct. So how could they apply the Rios standard without having the standard before them? Well, they couldn't apply the Rios standard per se, but they could apply the mailbox rule. And we did argue that the mailbox rule applied in Veterans cases. So our argument was essentially the same as made by the attorneys in Rios. Your position, I take it, with respect, I'm sorry, did you have? The NOD section, then 7105, is what we're dealing with here. And both parties agree that the mailbox rule exception does apply to that particular section, just like we applied it in the Notice of Appeal section. Right, we agreed to, both parties agree to it now. But when Mr. Savitz's case was before the Board and the we argued at the time that that was incorrect, that a mailbox rule did apply, the court disagreed with us. But in light of Rios, it appears that our argument was correct, that a mailbox rule does apply in Veterans law. Well, I guess we'll ask the government as to why they're being so obstinate on this particular issue right now. But go ahead. Your position, I take it, is that with respect to the government's claim that all the factual findings were made that were necessary to defeat the mailbox rule, even if the mailbox rule had been recognized as applicable, your response to that with respect to both the Board and the Court of Appeals for Veterans Claims, I take it, is that they did not make those findings except through the filter of the postmark slash receipt rule, and therefore did not make the requisite findings that would be necessary to rule in the government's favor under the right standard. That's exactly right, Your Honor. And you need to go back and have those findings remade under the proper standard. Right, the Board needs to go back and look at all of the facts, not just whether there's a postmark and whether there's a date stamp copy. The Board needs to look at all the facts, you know, Mr. Savitz's testimony, everything. We're not asking this Court to look at the facts, but merely saying the Board's got to look at all those facts. You've been saying the Board. I mean, technically, we're just reviewing the decision of the Court of Appeals for Veterans Claims. And I mean, I suppose we could fashion a mandate if we were to reverse however we wish. But typically, we would send the case to the Court whose judgment we're reviewing. Are you suggesting that we should direct that Court to send it back to the Board or leave that Court free to dispose of the case as they see fit? Well, technically, I mean, obviously you can do it any way you would like. The Court of Appeals for Veterans Claim is not supposed to be making factual findings either. And this case, the Court's case, La Hensley and so forth, you know, once it went back to the Court, presumably the appropriate thing would be for them to then remand it to the Board so that findings of fact can be made. The issue for this Court is not what finding was made, but how that finding was made. And as, you know, as discussed, the Secretary has said that a correct standard was, in fact, used weighing all of the facts. But there's no indication in the Board's decision that they did, in fact, weigh all the facts. Again and again and again, and particularly in the Board's opinion from about A13 through A15, they say numerous times that the only way to prove mailing is by a federal postmark or proof of actual receipt. This standard wasn't met as it probably could not be met in this sort of situation, so the Board said it wasn't mailed. And in light of the government's harmless error argument, I also believe the decisions of this Court in D'Amico and Moody are illustrative as well. Both situations in which an incorrect legal standard was used by the Board and or the Veterans Court, both of those cases this Court held that to determine it was would be, if the Board's decision would have been the same under a correct use, and that that couldn't be. So in this case, again, this should go back. This is a finding of fact. The Secretary is actually asking this Court to look at all the facts and say, well, even under the correct standard, this would be the result, so it's harmless error. And in fact, we say no. There is a finding of fact that has to be made. The Board did not examine all of these facts, and therefore, it needs to go back so the factual inquiry can be made by the finder of facts, not by this Court. Are there any further questions? Well, let's hear from the government and then I'll come back. Reserved the rest of my time for rebuttal. Thank you. Ms. Holgen. Good morning, Your Honors. May it please the Court. The Court should affirm the judgment of the Veterans Court because any misstatement of the law concerning the viability of a common law mailbox rule was harmless error. The Board did make specific findings, particularly on page 14 of joint appendix. It could not be clearer that Board states, since he has not proven that he put the letter into the post office or delivered them to the postman in 1946, it cannot be presumed that the July 1946 letter reached the VA. Here's my problem with that statement, and I think Ms. Wishaw pointed out in her reply brief exactly what I'm going to say, so you know what I'm going to say. In context, the Board leads off that statement by saying, without a federal postmark or proof of actual receipt, there is no proof that the letter and attachments were ever put into the post office. I read that to say that's the only door that you can use to get to the result that he needs to get to, and therefore, when they later say he has not proven, it's through, it's saying that he didn't get through that door. If that's true, then don't they need to take a new look without respect to that door and say whether or not, given all the evidence, this actually made its case? Your Honor, there's no doubt that that sentence does state an incorrect statement of law in light of real... Well, but it's more than just the statement of the incorrect statement of law. The question is, doesn't that statement of the incorrect statement of law as the basis for proof of mailing, in effect, contaminate the later statement that he hasn't proved what he needs to prove? We don't think so, and the reason for that is, if you look at the paragraph here on page 14, this is in the context of Mr. Savitz's discussion of whether the Supreme Court's decision in Schutz v. Jordan, which stated the common law mailbox rule, the same one that this court enunciated in Rios, and said, we're going to consider your argument about the common law mailbox rule. We disagree that this applies, but it's clearly within the context of Schutz, and after these couple of sentences here where the board says that the veteran did not prove and that presumption cannot attach, the board goes on to say, moreover, Schutz is a completely different case for all these other reasons. So there's reasons that this court can find that the board was looking at this through the filter of the Supreme Court decision. Again, we completely agree that that one sentence is incorrect. Isn't the wiser course to ultimately have the board say whether that's what they found as opposed to our guessing? Because looking at the Court of Appeals for Veterans Claims decision, I don't see any indication there that the court understood the board to have made the finding that you say the board made. There, they seem to focus very much on the postmark slash receipt rule. So we don't even have the Court of Appeals for Veterans Claims saying, aha, we've concluded that the board made this proper finding. So why shouldn't we send this case back to the court for purposes of remanding to the board to make a determination if they decide that they've already made that finding? They won't have to waste a lot of time on it. If they decide that they really weren't making that finding, then it makes potentially a pretty big difference to this veteran. Well, your Honor, the reason that this court should not simply remand the decision is because this court has an obligation to determine whether that error is a harmless error, which we contend that it is. We're not confident that it is or did. We remanded, right? Right, your Honor. But again, we think that there's plenty of facts made by the board on page 14 and 15, particularly the facts that Mr. Savitz waited 50 years to check up on whether the NOD had been received. But that's still on the wrong legal standard, though. If the legal footing is erroneous and it's in quicksand, doesn't the whole case fall apart on the government? Not if there are findings. There's no factual support for the legal standard. Your Honor, we believe that if there are factual findings made by the board that the NOD was never mailed and there were facts that the board looked to and explicitly stated that... But they were looking for proof of a postmark. Your Honor, it's true that they were looking at proof of a postmark. But again, we think that the board was very clear in a sentence which mirrored the language and shuts which it did provide for the correct legal standard of the common law mailbox rule. I would think after Rios was determined and issued by this court that the government would have taken the case and said we'll remand it back to the board for proper findings under the new rule, even though it only was with the notice of appeal and not with NOD. It would have saved everybody some time and effort and come up with the right determination, factual determination. We cannot make that factual determination. Your Honor, we completely agree that this court cannot make that factual determination. We think that this board can say that the factual findings by the board, in light of those, the misstatement concerning the common law mailbox rule was harmless error. And that is what we are presenting to the court today. Let me just briefly address that the counsel for Mr. Savitz raised D'Amico and Moody as two examples. But where this court remanded, again, there were actually factual findings D'Amico, whether the veterans' evidence was new and material, the veterans' court needs to make that determination in the first instance. But there have been plenty of times where this court has concluded that an error was harmless and did not need to remand the case. You say at pages 6 through 7, I think it is, of your brief, that with respect to the board's detailed factual findings, that those factual findings, then you add, which the veterans' court adopted. You don't really stand by that statement, do you? Well, Your Honor, the veterans' court did not explicitly adopt those findings, but in affirming the board's decision, the board, affirming the board's decision, the veterans' court implicitly agreed with those. I don't see why that's so, because I think your whole argument has been that the board was saying something quite apart from the legal test that it was then applying. It was applying the postmark receipt test, but it made a sort of additional finding with respect to whether anything was ever said. Therefore, it's not necessary for the Court of Appeals to have commented on that additional finding if it was made. So it would seem to me it's not implicit in anything that the court said that there was adoption of such a finding, and it's certainly not necessary to their judgment to have found it, and I don't see anything in the opinion that adopted the finding. So I wonder about the accuracy of that statement. You stand by that statement? Your Honor, we agree that there was no adoption of that. As we've stated, we don't believe this court is required to make factual findings in order to affirm the judgment because those factual findings have already been made, and for those reasons, we would respectfully request the court to affirm the judgment of the veterans' court. Ms. Lisko? Just a couple of points I'd like to make. When counsel for the Secretary said that the statements of the board on page 14 were in context of discussing Schutz, it should be noted that they start out by saying the veterans' representative erroneously cited an ancient case in an attempt to show that there is a mailbox rule, essentially. And I think that tends to vitiate any idea that the court was saying, yes, there's a mailbox rule, and now we're going to go through and look at all the factors to see if, in fact, there was payment. I mean, excuse me, if there was, in fact, mailing. The other thing I would simply like to point out is when you go through the board's opinion, they make approximately six or seven references on pages 13 through 16 to federal postmark or proof of receipt, federal postmark. There's nothing where they say, okay, here's the facts that tend to show that he mailed it. Here's the facts that tend to show he didn't. Let's balance those out. Any finding that they actually used the correct standard and balanced all the facts would require quite a bit of mind reading and quite a bit of reading things into this board decision that isn't here. So, therefore, we suggest that the better course of action, considering the fact that the board repeatedly stated the standard they were using, and it's an incorrect one, is to send this case back. And let's have factual to determine whether there was mailing. Therefore, that's what we ask this court to do. One final question, not directly related to the merits of this case, but just out of curiosity, if you know. I noticed that Mr. Savitz was captured in December of 1944. Would he have been involved in the Battle of the Bulge, the date suggests? I don't know. I know he was a prisoner of war in World War II, but I'm not sure whether it was the Battle of the Bulge. Sounded like the timing might suggest that. That could be, but I'm not certain of that. Are there any further questions? Thank you. Thank you. The case is submitted.